# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS INSURANCE CAPITAL, LLC and WILLIAM F. CUPP, | : : : |
| *Plaintiffs,* | : Case No.: 4:12-cv-1789 : |
| -vs- | : JUDGE _____ : |
| PRAESIDIUM ALLIANCE GROUP, LLC, GARY D. SCHNEIDMILLER, ERIC W. SCHNEIDMILLER, GEORGE N. VORYS, ROBERT J. SIMPO, JACK G. McNALL, and ROBERT A. FELTER, M.D., | : MAGISTRATE JUDGE _____ : : : : : |
| *Defendants.* | : |

## COMPLAINT FOR APPLICATION TO CONFIRM ARBITRATION AWARD

Plaintiffs Physicians Insurance Capital, LLC, and William F. Cupp, hereby submit their Complaint for Application to Confirm Arbitration Award.

## JURISDICTION

1. Plaintiff Physicians Insurance Capital, LLC ("PIC") is a limited liability company organized and existing under the laws of the State of Virginia and has it principle place of business in the State of Virginia.

2. Plaintiff William F. Cupp is an individual who at all times relevant to the events giving rise to this action resided in the State of Virginia.

3. Defendant Praesidium Alliance Group, LLC ("PAG") is a limited liability company organized and existing under the laws of the State of Ohio and has its principle place of business in Youngstown, Ohio.

4. Defendant Gary D. Schneidmiller is an individual who at all times relevant to the events giving rise to this action resided in Youngstown, Ohio. Gary Schneidmiller is the CEO of PAG.

5. Defendant Eric W. Schneidmiller is an individual who at all times relevant to the events giving rise to this action resided in Youngstown, Ohio. Eric Schneidmiller is the COO of PAG.

6. Defendant George N. Vorys is an individual who at all times relevant to the events giving rise to this action resided in Gahanna, Ohio. Mr. Vorys is a member and director of PAG.

7. Defendant Robert J. Simpo is an individual who at all times relevant to the events giving rise to this action resided in the State of South Carolina. Mr. Simpo is a member and director of PAG.

8. Jack G. McNall is an individual who at all times relevant to the events giving rise to this action resided in the State of South Carolina. Mr. McNall is a member and director of PAG.

9. Robert A. Felter, M.D. is an individual who at all times relevant to the events giving rise to this action resided in the State of Virginia. Felter is a director of Attentus Medical R&D, a subsidiary company to PAG, and a member of the Praesidium Liability Guild, LLC, which is a member and director of PAG.

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 because this matter involves a federal question, namely, the Securities Exchange Act of 1934, Section 10b, and the Federal Arbitration Act, as this matter involves interstate commerce.

11. Venue is appropriate in this jurisdiction as the arbitration award sought to be confirmed was arbitrated and decided in this jurisdiction, namely Cleveland, Cuyahoga County, Ohio and substantial events relating to the underlying action occurred in Mahoning County, Ohio.

## COUNT ONE

12. PIC and Cupp incorporate by reference as if fully rewritten herein each and every preceding allegation.

13. Plaintiffs ("Claimants" in the arbitration) and Defendants ("Respondents" in the arbitration) all participated in a binding arbitration action conducted through the American Arbitration Association ("AAA").

14. The AAA case is captioned *Physicians Insurance Capital, LLC, et al. v. Praesidium Alliance Group, LLC,* No. 53 195 Y 00776 10.

15. PIC and Cupp asserted claims, *inter alia*, for violations of Section 10(b) of the Securities Exchange Act, 15 U.S.C. §§78j(b) and Rule 10b-5 thereunder, O.R.C. §§ 1707.01; and the Ohio common law for breach of contract, breach of fiduciary duty, conversion, fraud and negligent supervision.

16. PIC and Cupp initially filed a lawsuit in the United States District Court for the Eastern District of Virginia. That action was dismissed due to a written arbitration agreement amongst the parties. A copy of the provision for arbitration which was included in the Operating Agreement for PAG, is attached hereto as Exhibit A. (The Operating Agreement is confidential and protected under a Protective Order and therefore not attached hereto in its entirety. However, if the Court needs to review the entire Operating Agreement, it can be made available.)

17. A formal arbitration hearing was held commencing January 9, 2012, in which the Defendants fully participated before a panel of three attorney arbitrators mutually selected and skilled in federal and state securities law.

18. At the close of the January hearing, Felter sent a request by facsimile to the arbitration panel that the hearing be held open and he be allowed to obtain new counsel and provide testimony. The panel agreed to hold the hearing open for the limited purpose of Felter providing testimony. Felter obtained new counsel and on May 20, 2012, the hearing was reconvened to take his testimony. The panel then formally closed the hearing.

19. Following the closing of the hearing, the duly appointed AAA panel entered an award in PIC and Cupp's favor in the amount of $2 million, plus interest, against all Defendants, and fees and costs of the arbitration against PAG and Felter. The panel further awarded a portion of PIC and Cupp's attorney fees to be reimbursed by PAG and Felter. A true and accurate copy of the arbitration award is attached hereto as Exhibit B.

20. The arbitration panel found, in pertinent part, as follows:

   (1) The Defendants' private placement memorandum contained material misrepresentations and omissions of material facts;

   (2) The "director" Respondents did not act in good faith in preparing the private placement memorandum dated September 6, 2007 as they did not use adequate due diligence in verifying the assets of APMD Holdings, Inc.;

   (3) The "director" Respondents did not act in the best interests of Praesidium Alliance Group, LLC or with the care that an ordinarily prudent person in a similar position would use under similar circumstances, to-wit, the

>failure to use due diligence in verifying the assets of APMD Holdings, Inc. and to review the private placement memorandum, and failing to have the medical malpractice insurer business ready to operate should the license have been granted by the Delaware Department of Insurance. (See Award attached.)

The panel went on to find, by clear and convincing evidence, that Respondents violated Section 10b of the Securities Exchange Act of 1934, SEC Rule, Ohio Revised Code, and committed common law fraud and deceit.

21. As to damages, the Claimants were awarded:

   a. Two Million Dollars ($2,000,000), together with interest thereon at the legal rate against Respondents Praesidium Alliance Group, LLC, Gary D. Schneidmiller, Eric W. Schneidmiller, George N. Vorys, Jack G. McNall, and Robert J. Simpo, jointly and severally.

   b. The costs and fees of this arbitration; and

   c. The administrative filing and case service fees of the AAA.

22. The Defendants have received a copy of the Arbitration Award.

23. Felter has agreed to pay to Plaintiffs the sum of $35,820 in satisfaction of the award against him for fees and costs of the arbitration and Defendants will release him from any further liability upon payment of said sum. The remaining Defendants have failed to satisfy the Arbitration Award as against them.

24. Pursuant to a written agreement to arbitrate entered into by the parties, "judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction."

25. Plaintiffs seek to have the Arbitration Award confirmed pursuant to the Federal Arbitration Act ("the FAA"), 9 U.S.C. §9, which states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 or 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within such award was made.***

26. The Arbitration Award has not been vacated, modified, or corrected and remains wholly unsatisfied, other than as set forth in paragraph 23 above.

## COUNT TWO

27. Physicians Insurance Capital, LLC, and Mr. Cupp incorporate by reference as if wholly rewritten herein, all previous allegations.

28. Physicians Insurance Capital, LLC and Mr. Cupp seek to have the Arbitration Award confirmed pursuant to Ohio Revised Code 2711.09, which provides that:

> Any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code.***

29. The Arbitration Award has not been vacated, modified or corrected and remains wholly unsatisfied, other than as set forth in paragraph 23 above.

**WHEREFORE,** Physicians Insurance Capital, LLC and William F. Cupp request an Order and Entry confirming the Arbitration Award rendered in their favor for entry of judgment in accordance with the Award of the Arbitrators, attached, and such other relief as the Court may deem proper.

A proposed draft of an Order and Entry Confirming the Award of Arbitration is attached hereto as Exhibit C.

    Respectfully submitted,

*/s/* ***J. Stephen Teetor***
J. Stephen Teetor (0023355)
E-mail: jst@isaacbrant.com
Maribeth Deavers (0055903)
E-mail: md@isaacbrant.com
ISAAC, BRANT, LEDMAN & TEETOR, LLP
250 East Broad Street, Suite 900
Columbus, Ohio 43215-3742
Telephone: 614-221-2121
Facsimile: 614-365-9516
Attorneys for Claimants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS INSURANCE CAPITAL, LLC and WILLIAM F. CUPP, | : <br> : <br> : |
| *Plaintiffs,* | : Case No.: _____ <br> : |
| -vs- | : JUDGE _____ <br> : |
| PRAESIDIUM ALLIANCE GROUP, LLC, GARY D. SCHNEIDMILLER, ERIC W. SCHNEIDMILLER, GEORGE N. VORYS, ROBERT J. SIMPO, JACK G. McNALL, and ROBERT A. FELTER, M.D., | : MAGISTRATE JUDGE _____ <br> : <br> : <br> : <br> : |
| *Defendants.* | : |

**ORDER AND ENTRY CONFIRMING AWARD OF ARBITRATION**

Based on the Award of Arbitrators attached to the Complaint for Application to Confirm Arbitrators' Award, judgment is entered as follows:

1. Judgment is entered in favor of William F. Cupp and against Praesidium Alliance Group, LLC, Gary D. Schneidmiller, Eric W. Schneidmiller, George N. Vorys, Robert J. Simpo and Jack G. McNall, jointly and severally, in the amount of $1, 000,000 plus interest at the legal rate beginning November 2, 2007;

2. Judgment is entered in favor of Physicians Insurance Capital, LLC and against Praesidium Alliance Group, LLC, Gary D. Schneidmiller, Eric W. Schneidmiller, George N. Vorys, Robert J. Simpo and Jack G. McNall, jointly and severally, in the amount of $1, 000,000 plus interest at the legal rate beginning November 14, 2007;

3. Judgment in favor of William F. Cupp and Physicians Insurance Capital, LLC and against Praesidium Alliance Group, LLC, in the amount of $48,739.99 as fees and expenses of

the arbitrators and $22,900 for administration fees and costs of the American Arbitration Association.

The Award of Arbitration is adopted, approved and confirmed in its entirety, including the findings of violations of federal securities law, Ohio securities law, and common law fraud and deceipt, all found by the Panel by clear and convincing evidence.

IT IS SO ORDERED.

_____        _____
Date                                                    JUDGE