# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PHYSICIANS INSURANCE CAPITAL, LLC, et al., | ) ) ) | CASE NO. 4:12CV1789 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| PRAESIDIUM ALLIANCE GROUP, LLC, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANTS. | ) ) ) | |

This matter comes before the Court as an action to confirm an arbitration award (Doc. No. 1, as amended by Doc. No. 4[1]), which defendants have challenged by way of a motion to vacate (Doc. No. 19).[2] Plaintiffs filed a motion (Doc. No. 23)[3] to strike the affidavits of George N. Vorys (Doc. No. 19-2) and Gary D. Schneidmiller (Doc. No. 19-1), attached in support of defendants' motion to vacate. Plaintiffs also filed a motion (Doc. No. 35)[4] to strike defendants' reply memorandum (Doc. No. 32) and all affidavits and exhibits attached thereto (Doc. No. 33 and [Sealed] Doc. No. 34.) For the reasons set forth below, the Court **DENIES** both motions to strike (but also disregards the submissions sought to be stricken), **DENIES** defendants' motion to vacate the award, and **CONFIRMS** the arbitration award.

---

[1] Amendment of the complaint was necessitated by a settlement with one of the original defendants, Robert A. Felter, M.D. ("Felter").

[2] Plaintiffs filed a memorandum in opposition (Doc. No. 27) and defendants filed a reply (Doc. No. 32).

[3] Defendants opposed this motion. (Doc. No. 28.) Plaintiffs filed a reply. (Doc. No. 29.)

[4] Defendants have opposed this motion. (Doc. No. 36.)

# I. BACKGROUND [5]

Plaintiff Physicians Insurance Capital, LLC ("PIC") is a limited liability company organized under the laws of the State of Virginia with its principal place of business in Virginia. (Compl. ¶ 1.) Defendant Praesidium Alliance Group, LLC ("PAG") is a limited liability company organized under the laws of the State of Ohio with its principal place of business in Youngstown, Ohio. (Compl ¶ 3.) The individual defendants are officers, members and/or directors of PAG. (Compl. ¶¶ 4-8.)

PIC and individual plaintiff William F. Cupp ("Cupp")[6] filed an action in the United States District Court for the Eastern District of Virginia for alleged violations of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5, along with various state law claims. (Compl. ¶¶ 14-15.) The action was dismissed upon defendants' motion due to a written arbitration agreement among the parties. (*Id.* ¶ 15 and Ex. A.[7]) *See, Physicians Insurance*

---

[5] The facts come primarily from the complaint, as amended, including the arbitration award incorporated by reference.

[6] There are no identifying facts in the complaint with respect to Cupp, other than that he is a resident of Virginia.

[7] The arbitration provision contained in the Operating Agreement for PAG provides as follows:

> Any dispute between the Members or Directors arising out of, relating to this Agreement, a breach hereof, or the operation of the business of the Company, must be resolved by arbitration in Youngstown, Ohio, in accordance with the rules of the American Arbitration Association then existing, provided that discovery as provided for under the Ohio Rules of Civil Procedure is available to all parties to the arbitration. This agreement to arbitrate is specifically enforceable and the arbitration award is final and judgment may be entered upon it in any court having jurisdiction over the subject matter of the dispute. Each party has the right, without awaiting the outcome of the arbitration, to seek from an appropriate court provisional remedies including, but not limited to, temporary restraining orders or preliminary injunctions before, during or after arbitration. Seeking such a remedy is not a waiver of a party's right to compel arbitration.

(Doc. No. 4, Ex. A. at 45-46.)

*Capital, LLC v. Praesidium Alliance Group, LLC*, No. 1:10-cv-00469 (E.D. Va.), Doc. Nos. 18 and 24.[8]

A formal arbitration hearing was conducted (Compl. ¶¶ 16-17), after which the arbitration panel ("the Panel") entered an award in favor of PIC and Cupp. (*Id*. ¶ 18.[9]) The Panel found that: (1) respondents' private placement memorandum ("PPM") dated September 6, 2007 contained material misrepresentations and omissions of material facts; (2) the director respondents did not act in good faith in preparing the PPM as they did not use adequate due diligence in verifying the assets of APMD Holdings, Inc.; and (3) the director respondents did not act in the best interests of PAG or with the care that an ordinarily prudent person in a similar position would use under similar circumstances, to wit, the failure to use due diligence in verifying the assets of APMD Holdings, Inc. and to review the PPM, and the failure to have the medical malpractice insurer business ready to operate should the license have been granted by the Delaware Department of Insurance. The Panel ultimately concluded that there was clear and convincing evidence that respondents violated Section 10(b) and Rule 10b-5, as well as the Ohio Revised Code, and committed common law fraud and deceit. (*Id*. ¶ 19.)

The Panel awarded claimants (plaintiffs here) $2 million, plus interest, against the respondents, jointly and severally. They were also awarded all of the costs and fees relating to the arbitration. (*Id*. ¶¶ 18, 20.) Felter subsequently agreed to pay $35,820 in satisfaction of the award against him for fees and costs, and plaintiffs have released him from any further liability.

---

[8] A court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969) (citing cases)).

[9] A copy of the Arbitration Award is attached to the complaint as Exhibit B.

3

(*Id*. ¶ 22.) The remaining defendants have failed to satisfy the arbitration award against them. (*Id*.)

Pursuant to the arbitration agreement quoted above, plaintiffs seek confirmation of the award by this Court. The moving defendants seek to vacate the award.

## II. DISCUSSION

**A.     Legal Standard**

"Congress enacted the FAA [Federal Arbitration Act] to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (changes in original) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 441 (2006)). "When courts are called on to review an arbitrator's decision, the review is very narrow; [it is] one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of America, AFL-CIO, Dist. 27, Sub-Dist. 5*, 913 F.2d 1166, 1169 (6th Cir. 1990). "The Supreme Court has made clear in the *Steelworkers' Trilogy* and its progeny that courts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local Number 7*, 114 F.3d 596, 599 (6th Cir. 1997).[10]

A federal court "must grant [an order confirming an arbitral award] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. In fact, "[t]he Federal Arbitration Act presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669

---

[10] In a footnote, the court identified the "*Steelworkers' Trilogy*" as the following: *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960); *United Steelworkers of Am. v. Warrior & Gulf Navig. Co.*, 363 U.S. 574 (1960); *United Steelworkers of Am. v. American Mfg. Co.*, 363 U.S. 564 (1960).

(6th Cir. 2000) (citing 9 U.S.C. § 9). "Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. [. . .] [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Under the express terms of the FAA, an award may be vacated only in the following instances:

> (1) where the award was procured by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

The Sixth Circuit has very clearly set forth the standard where there is a challenge to an arbitrator's decision:

> . . . Section 10 [of the FAA] permits a district court to vacate an award that was procured by corruption, fraud, or undue means, where there was evident partiality or corruption of the arbitrators, misconduct or misbehavior on the part of the arbitrators, or where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

> As an alternative to these statutory grounds, a separate judicially created basis for vacation obtains where the arbitration award was made "in manifest disregard of the law." *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Although the parties have bargained for a resolution by way of arbitration, a blatant disregard of the applicable rule of law will not be tolerated. Even so, up to that point they must abide by the attributes of the process upon which they have agreed.

This court has emphasized that manifest disregard of the law is a very narrow standard of review. *Anaconda Co. v. District Lodge No. 27*, 693 F.2d 35 (6th Cir. 1982). A mere error in interpretation or application of the law is insufficient. *Anaconda*, 693 F.2d at 37-38. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.

Where . . . the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle. If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside. *Storer Broadcasting Co. v. American Fed'n of Television and Radio Artists*, 600 F.2d 45 (6th Cir. 1979); *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir. 1992), *cert. denied*, 507 U.S. 915 (1993).

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420-21 (6th Cir. 1995). *See also*, *Shelby County Health Care Corp. v. American Fed'n of State, County & Municipal Employees*, 967 F.2d 1091, 1094 (6th Cir. 1992) (courts "are not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misinterpretation of the contract.") (citing *Misco*, *supra*).

**B.      Plaintiffs' Motions to Strike (Doc. Nos. 23 and 35)**

Before resolving defendants' motion to vacate, the Court must first address plaintiffs' motions to strike. The first motion (Doc. No. 23) seeks an order striking the affidavits of George N. Vorys and Gary D. Schneidmiller attached in support of defendants' motion to vacate. The second motion (Doc. No. 35) seeks an order striking defendants' entire reply memorandum, along with the affidavits and exhibits thereto.

The affidavit of George N. Vorys (Doc. No. 19-2) purports to supply this Court with an account of the proceedings before the Panel -- who attended the hearing, who testified, and what purportedly happened at various stages of the proceedings.

The affidavit of Gary D. Schneidmiller (Doc. No. 19-1) is full of facts that defendants ask this Court to take as true, including facts relating to the identity of the various parties, the founding and subsequent business development of PAG, the content of the relevant PPM, and much more.

Defendants' reply memorandum (Doc. No. 32) purports to be supported by Doc. Nos. 19-1 and 19-2. In addition, defendants submitted separate documents (Doc. Nos. 33 and 34 [Sealed]) that purport to contain "copies of pleadings filed in the underlying arbitration . . . as well as Panel Orders and correspondence[.]" (Doc. No. 33 at 381 ¶ 4.)

As a threshold matter, the Court notes that a "motion to strike" applies only to pleadings. Fed. R. Civ. P. 12(f). "Pleadings" are enumerated in Fed. R. Civ. P. 7(a) and the list does not include affidavits, briefs, or exhibits. Therefore, a motion to strike is not the proper vehicle for attacking defendants' submissions. This case, involving dispositive requests to either confirm or vacate an arbitration award, is analogous to a situation where affidavits have been submitted in support of or in opposition to a summary judgment motion. Fed. R. Civ. P. 56(c) sets forth a procedure for objecting to such submissions. *See Loadman Group, L.L.C. v. Banco Popular North America*, No. 4:10cv1759, 2013 WL 1154528 at * 1 n.1 (N.D. Ohio Mar. 19, 2013) ("A motion to strike is technically not available for motions for summary judgment and the attachments thereto.") (citing *Adams v. Valega's Prof. Home Cleaning, Inc.*, No. 1:12CV0644, 2012 WL 5386028, at * 2 (N.D. Ohio Nov. 2, 2012) (collecting cases)).

The Court, therefore, will deny the motions to strike. However, for the reasons discussed below, the Court will also disregard defendants' submissions.

Neither side has supplied this Court with a transcript of the proceedings before the Panel and, as far as the Court can ascertain, no transcript was ever made. Nor has either side

7

supplied anything that could pass as an official record; the documents supplied by defendants have not been certified by anyone who could be considered an official records custodian with the AAA.

In addition, the affidavits supplied by defendants are replete with factual assertions and interpretations of events from the affiants' perspectives. This Court has no way to verify or test the accuracy of most of these assertions and interpretations. Although the affidavits claim to be made on personal knowledge and are notarized, there is no escaping the fact that they are self-serving and "spin" the events in favor of defendants. *See, e.g.*, *Lew Lieberbaum & Co., Inc. v. Randle*, 85 F. Supp. 2d 123, 126 (E.D.N.Y. 2000) (petitioner failed to meet its burden of proving manifest disregard of the law sufficient to vacate an arbitration award where petitioner submitted only the arbitration panel's award and "[petitioner's counsel's self-serving summary of the testimony in his supporting affidavit[,] . . . leav[ing] the Court unable to exclude the possibility that the award is supported by evidence that the [p]etitioner has not supplied."). Undoubtedly, plaintiffs, if given the opportunity, could submit affidavits interpreting the facts and proceedings in *their* favor.

The Court can find, and defendants have supplied, no basis to confer the status of "official record" on the affidavits and submissions of defendants. Accordingly, although plaintiffs' motions to strike (Doc. Nos. 23 and 35) are not the proper vehicle for challenging these submissions, the Court will disregard the submissions as it considers this case on its merits for purposes of determining whether to confirm or vacate the arbitration award.

**C.    Defendants' Motion to Vacate, and Plaintiffs' Request to Confirm, the Arbitration Award**

Defendants assert generally that the Panel "evidenced partiality toward Plaintiffs, exceeded their [sic] power, and acted with a manifest disregard of the law." (Doc. No. 19 at 115.)[11] Their motion, however, addresses in depth only an argument, based on *Wilko*, *supra*, that the Panel acted with a "manifest disregard of the law."[12]

Defendants assert that, had the Panel applied the applicable law, it "could not conceivably have determined that Plaintiffs proved their burden[ ]" with respect to their securities fraud claim. (Doc. No. 19 at 129.) They assert that the only witnesses called by the plaintiffs/claimants during the arbitration hearing were Ryan Riley and defendant Gary Schneidmiller. Plaintiff Cupp did not testify, nor did any of the other individual investors who comprise PIC. (*Id*. at 130.) Defendants conclude that, "based on the cautionary language in the PPM, and the utter lack of evidence presented by Plaintiffs of justified [sic] reliance, it is illogical that the Panel could have found Plaintiffs met their burden." (*Id*. at 131.) Defendants then assert: "What is made clear by the Panel's determination is that the Panel refused to apply established legal principles, because no judge could have determined that Plaintiffs proved their

---

[11] As argued by defendants, each of these grounds would require the Court to review the record to determine if the challenge has merit.

[12] The statutory grounds for vacating the award are cursorily addressed in footnote 3 of defendants' motion, which states in its entirety:

> Defendants also submit that based on the facts set forth *supra*, the Panel, in addition to acting in manifest disregard of the law, also violated 9 U.S.C. §10(a)(2) and § 10(a)(4). The facts also support Defendants' argument that the Award was the product of the Panel's evident partiality, in contravention of §10(a)(2). The Court will find, based on the evidence provided *supra*, that a reasonable person would conclude that the Panel was partial to the Claimants. *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir. 1989). Similarly, the Court will find that through the actions taken by the Panel detailed *supra*, the Panel violated § 10(a)(4) by exceeding their powers in not following controlling principles of law or the AAA Rules of Commercial Arbitration.

(Doc. No. 19 at 142.)

9

case under Section 10(b) and Rule 10(b)(5) in the absence of even a shred of evidence that Plaintiffs justifiably relied upon statements in the PPM to their detriment." (*Id*.)[13]

Defendants also raise the following arguments relating to proceedings before the Panel: (1) the Panel acted with manifest disregard of the law when it prevented PAG from paying compensation or a distribution to the individual defendants; (2) the Panel acted with manifest disregard of the law when it failed to abide by the mandatory stay provision of the Private Securities Litigation Reform Act; (3) the Panel acted with manifest disregard of codified federal and Ohio securities law by refusing to apply the law in awarding damages; and (4) the Panel acted with manifest disregard of the American Arbitration Association's Commercial Arbitration Rules.

The fundamental problem with defendants' arguments and assertions is that virtually all of them rely upon, for lack of a better term, an "unofficial record" and self-serving affidavits supplied by defendants, all of which the Court has determined must be disregarded. Even if not disregarded, defendants' submissions would be insufficient to warrant setting aside an arbitration award. *See*, *Lew Lieberbaum*, *supra*; *see also Green v. Progressive Asset Mgmt., Inc.*, No. 00 Civ. 2539 (DLC), 2000 WL 1229755, at * 2 (S.D.N.Y. Aug. 29, 2000) (failure to supply a full record "makes it impossible for the Court to determine whether the [p]anel's decision was based on a manifest disregard for the law or the evidence before it[ ]"); *see also Sawyer v. Horwitz & Assoc., Inc.*, No. 11-CV-1604-LAB_JMA, 2012 WL 296996, at * 4 (S.D.Cal. Jan. 31, 2012) ("petition [to vacate] appears to be completely self-serving" providing a record that "is plainly edited to provide the Court with what [petitioner] wants it to see, which

---

[13] Defendants argue that, for all the same reasons, plaintiffs also failed to prove their state law claims.

10

confuses the Court's role in reviewing an arbitration award with the arbitral's role in resolving [the] claims in the first instance.")

As noted by the Sixth Circuit in *Merrill Lynch*, *supra*, where, as here, the arbitrators do not give a reasoned explanation for their final decision, a party seeking to overturn the arbitrators' award "faces a tremendous obstacle." Because "[t]he Federal Arbitration Act presumes that arbitration awards will be confirmed[,]" *Dawahare*, *supra*, the burden on defendants seeking to vacate an award is very high. Without a proper and complete record of the proceedings, this Court is in no position to determine whether there would be "no judge or group of judges [who] could conceivably come to the same determination as the arbitrators[,]" *Merrill Lynch*, 70 F.3d at 421, and, therefore, has no basis upon which to vacate the award.

Furthermore, even if defendants' submissions were not disregarded, they would not satisfy the narrow standard of judicial review required in the case of arbitration. In *Murray v. Citigroup Global Markets, Inc.*, No. 11-4355, 2013 WL 106826, at * 1 (6th Cir. Jan. 10, 2013), the Sixth Circuit declined to entertain a manifest-disregard-of-the-law argument because the party seeking to vacate the arbitration award had failed to request a reasoned award from the arbitrators. The court noted that "Murray's twelve 'particulars of the manifest disregard of the law' are riddled with bald assertions and conjectures about what the arbitration panel did and did not do." *Id*. at *2 (footnote omitted). The court "refused to rely solely on [the] party's analysis[,]" which actually did not "derive from a law-based analysis[,]" but "contain[ed] thinly veiled attempts to relitigate factual determinations made by the arbitration panel." *Id*.

From a procedural standpoint, the instant case is very similar to *Murray*. There is no reasoned arbitration award; there is no official record. There is only defendants' "spin" of the

11

arbitration proceedings, in the form of self-serving affidavits. This is not sufficient to satisfy defendants' heavy burden.

### III. CONCLUSION

For the reasons discussed herein, plaintiffs' motions to strike (Doc. Nos. 23 and 35) are **DENIED, but the affidavits that are the subject of the motion are DISREGARDED as not constituting a proper record for review**. Defendants' motion to vacate arbitration award (Doc. No. 19) is **DENIED** and the arbitration award is **CONFIRMED**.

**IT IS SO ORDERED**.

Dated: July 18, 2013

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**