UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHYSICIANS INSURANCE CAPITAL, LLC, et al., | ) ) ) | CASE NO. 4:12CV1789 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| PRAESIDIUM ALLIANCE GROUP, LLC, et al., | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANTS. | ) | |

Before the Court is defendants' emergency motion under Fed. R. Civ. P. 62 for stay of the judgment pending appeal. (Doc. No. 48.)[1] In the motion, defendants also ask this Court to exercise its discretion to waive the posting of a supersedeas bond. Plaintiffs filed their opposition. (Doc. No. 51.) The Court has indicated by non-document order dated September 12, 2013, that it will not require or permit any reply. Therefore, the matter is ripe for determination. For the reasons discussed herein, the motion is denied.

---

[1] Defendants also filed a separate motion for an expedited ruling on Doc. No. 48. (Doc. No. 50.) This motion has been rendered moot by the accelerated filing of plaintiffs' opposition brief and by this instant order.

**I. BACKGROUND**

This case commenced on July 12, 2012 with plaintiffs' complaint to confirm an arbitration award against the defendants. (Doc. No. 1.) Defendants filed a motion to vacate the award. (Doc. No. 19.) On July 18, 2013, the Court denied defendants' motion and confirmed the arbitration award. (Doc. No. 39.) Judgment was issued that same day. (Doc. No. 40.)

On August 12, 2013, plaintiffs initiated the process of executing on their judgment.

On August 16, 2013, defendants filed a notice of appeal from the July 18, 2013 judgment. Almost one month later, the instant motion was filed.

Defendants argue that the judgment should be stayed until they can post a supersedeas bond or, in the alternative, that they should be relieved of posting a bond due to financial hardship. They assert that this would "simply maintain the status quo between the parties . . . until the [d]efendants' liability is finally determined." (Doc. No. 48 at 737.)

In arguing for a stay *until* they can post a bond, defendants assert that defendant George Vorys is a consultant on an "Affordable Housing Project venture" scheduled to close on September 23, 2013 which, if successful, will entitle him to a success fee in excess of the $2 million required to post a bond in this case. (*Id*. at 741; Vorys Aff. ¶¶ 5-6.) Vorys alleges that if he receives the monies, he will post the supersedeas bond on behalf of all defendants. (Vorys Aff. ¶ 9.) As proof of the legitimacy of his expectation to receive these monies, he supplies a letter from Charles G. Snyder, Managing Director Real Estate Projects, of SVW Development, LLC. (Doc. No. 48-2.)[2] In the absence of those funds, defendants assert that they are all unable to

---

[2] In opposition, plaintiffs rightly challenge this "letter from a start-up company promising a nebulous possible 'success fee' based on information from unnamed 'foreign government officials' through unidentified 'central banks' coincidentally equal to the Arbitration Award" as "not pass[ing] anyone's smell test." (Doc. No. 51 at 764.)

2

post a bond. Due to this purported financial hardship, they request, in the alternative, to have the judgment against them stayed pending appeal *without* bond, pursuant to Rule 62 and the exercise of this Court's discretion.

## II. DISCUSSION

Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond[.]" Thus, a stay is a matter of right where the appellant posts a satisfactory supersedeas bond. *Arban v. West Pub. Corp*, 345 F.3d 390, 409 (6th Cir. 2003).[3] "However, the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right[;] it does not speak to stays granted by the court in accordance with its discretion." *Id*. (internal quotation marks and citation omitted).

The Sixth Circuit has not defined a specific test to guide the Court's discretion when considering whether to grant an unsecured stay. Courts tend to examine the two-fold purpose of Rule 62(d), namely, to balance both parties' interests. As explained by another district court in this circuit:

> . . . Rule 62(d) permits an appellant to obtain a stay "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove [Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*], 600 F.2d [1189,] 1191 [(5th Cir. 1979)]. However, to preserve this right, the appellant must forego the use of the bond money during the appeal period.

---

[3] Defendants incorrectly assert that "the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the supersedeas bond[,]" (Doc. No. 48 at 742, quoting *Monks v. Long Term Disability Benefits Plan*, 2012 U.S. Dist. LEXIS 63573, *4 (S.D. Ohio May 7, 2012)). While it is true that the Court must grant a stay where an appellant posts a satisfactory bond, if *no* bond is posted or if a posted bond is found to be unsatisfactory, no stay need be granted. The Court does have the additional option to determine that a bond would not serve the purposes of Rule 62(d). *Monks*, quoted by defendants, was itself quoting from *Frommert v. Conkright*, 639 F.Supp.2d 305, 308 (W.D.N.Y. 2009). In *Frommert*, the court noted that "the party posting the bond is entitled to a stay as of right[,]" *id*., even though Rule 62(d) provides that the stay takes effect only upon the district court's approval of the bond. *In that setting*, where a bond has been posted, if it is satisfactory *or* if the Court determines that waiver is warranted, the stay must be granted. Neither of these cases even remotely suggests that a stay is a matter of right whether or not bond is posted. In fact, the court in *Frommert*, citing *Arban*, *inter alia*, determined that a bond was not necessary only because the defendant had "ample assets and is fully capable of paying any judgment entered in this case." 639 F.Supp.2d at 313. That is certainly not the case here.

> For the appellee, Rule 62(d) effectively deprives him of his right to enforce a valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. The supersedeas bond protects the non-appealing party "from the risk of a later uncollectible judgment" and also "provides compensation for those injuries which can be said to be the natural and proximate result of the stay." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988), *Moore v. Townsend*, 577 F.2d 424, 427 (7th Cir. 1978) (citing *Weiner v. 222 East Chestnut St. Corp.*, 303 F.2d 630, 634 (7th Cir. 1962)). Therefore, Rule 62(d) establishes not only the appellant's right to a stay, but also the appellee[']s right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required. *Poplar Grove [ ]*, 600 F.2d [at] 1190 [ ].

*Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998).

In this case, defendants have shown no concern for this two-fold purpose of Rule 62(d). Rather, they seek to place the entire burden on plaintiffs, who prevailed both in arbitration and before this Court. Even defendants' argument that they should be granted a short stay *until* they can post the supersedeas bond, that is, until after Vorys is awarded his nebulous "success fee," completely fails to take into account the further damage that would result to the prevailing plaintiffs.

Defendants' argument that they should be entirely relieved of posting a bond is even more wanting than their delay argument when examined in the light of Rule 62(d)'s two-fold purpose. Defendants assert that posting a bond would result in financial hardship to them, a hardship they characterize (without any legitimate evidentiary support) as "financial collapse." They argue that the underlying litigation has already inflicted financial harm upon them and, therefore, they cannot afford to post a bond. By contrast, they assert, "the rights and interests of [p]laintiffs would not be drastically harmed by the absence of a bond requirement." (Doc. No. 48 at 744.)

4

"The burden on the movant to demonstrate the extraordinary circumstances required for a departure from the bond requirement cannot be satisfied by unsupported claims of financial hardship." *Bank v. Byrd*, No. 10-02004, 2012 WL 5384162, at * 3 (W.D. Tenn. Nov. 1, 2012). In most cases where courts have agreed to waive a supersedeas bond, they did so because "an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money[.]" *Hamlin*, 181 F.R.D. at 353. Even in those cases, "courts have generally required the appellant to present 'a financially secure plan for maintaining that same degree of solvency during the period of an appeal.'" *Id*. (quoting *Poplar Grove Planting & Ref., Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)).

In this case, plaintiffs (who *prevailed*) alleged that, based on material representations made by defendants that turned out to be false, they invested $2 million that had been earmarked for their retirement in an opportunity touted by defendants that never materialized. They assert that all their money was spent by defendants on extravagant salaries, lavish lifestyles, cars and travel, all the while representing to plaintiffs that their money was being spent on crucial business related endeavors. Assuming that these assertions are true (given that plaintiffs *are* the prevailing parties), defendants have already shown complete disregard for plaintiffs' investment and such disregard does not engender in the Court any hope that defendants would, without some exterior pressure, feel any need to protect sufficient funds to pay a judgment should they not prevail on appeal. Further, defendants have already stated that they do not currently possess funds sufficient to pay any judgment. Yet they ask this Court to simply trust them, presumably because they are quite certain they will prevail on appeal, making the whole payment issue moot. But if they are wrong, how have plaintiffs *not* been further harmed?

This is the very situation faced by the court in *Byrd*, *supra*. There, denying the motion to stay, the court held:

> Byrd does not provide evidence of any other extraordinary circumstances that would support a discretionary stay in the absence of a proper bond. Byrd's only justification is his claim of current financial hardship. Assuming that this unsupported assertion were true, waiving bond and awarding a stay on this basis alone would be directly contrary to the purposes of Rule 62(d). If Byrd has such diminished assets that allowing judgment to proceed or requiring bond to grant a stay would cause him to go into bankruptcy, "[t]his is exactly the type of injury against which a supersedeas bond is designed to protect -- the possibility that a judgment may later be uncollectible." *Valley Nat'l Gas*, 2008 U.S. Dist. LEXIS 89055, at *4, 2008 WL 4601032. A stay pending appeal without posting a supersedeas bond is properly within the district court's discretion to grant where the appellee's interest in collecting its judgment is adequately protected without a bond. *Arban*, 345 F.3d at 409. Byrd admits that he cannot satisfy Arvest's Judgment against him now, and he presents no evidence to suggest that he will be better able to do so later if his appeal is unsuccessful. (Mot. to Stay.) Byrd's allegedly impecunious condition is not an extraordinary circumstance and is not a proper ground for a waiver of the bond requirement or for a stay under Rule 62(d).

*Bank v. Byrd*, 2012 WL 5384162, at *3.

Defendants also argue that, in lieu of a monetary bond, this Court can fashion some other form of security. This is true; however, defendants have not proposed any viable option. Rather, they propose granting an interest in a $50 million monetary judgment at stake in a case pending in Texas state court that is purportedly set for trial on September 23, 2013. They claim this litigation "*could* more than tenfold increase the value of [p]laintiffs' membership units in PAG--thus more than adequately protecting their vested interest[,]" (Doc. No. 48 at 744, italics added), should this Court "award [p]laintiffs a security interest in $2 million of the proceeds of *any* monetary judgment entered" (*id*. at 745, italics added). Of course, the operative words in that argument are "could" and "any." This alternative is as illusory as Vorys's "success fee."

### III. CONCLUSION

For the reasons discussed herein, defendants have failed to meet their burden of establishing any right to a stay pending appeal without posting a supersedeas bond. Accordingly, Doc. No. 48 is **DENIED**. Doc. No. 50 is rendered moot.

**IT IS SO ORDERED**.

Dated: September 16, 2013

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**